ARRETTA SKINNER, by her next friend, ERVIN SKINNER, v. MRS. LOLA C. SKIPPER, as Superintendent Florida Industrial School for Girls.

186 So. 545.
Division B.
Opinion Filed February 10, 1939.

*W. D. Bell,* for Petitioner;

*Cary D. Landis,* Attorney General and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

CHAPMAN, J.—This is a case of original jurisdiction. On petition for a writ of habeas corpus in this Court it has been made to appear that Arretta Skinner, an infant, was being unlawfully held and detained by Mrs. Lola C. Skipper, as Superintendent of the Florida Industrial School for Girls in the City of Ocala, Florida. That she was committed thereto by the County Judge of DeSoto County, Florida, on the 1st day of February, 1938, acting in the capacity of a Juvenile Court. That the said Arretta Skinner was committed to the Industrial School for Girls without any notice to her parents and without opportunity for her to obtain counsel.

A complete transcript of the testimony taken at the trial of the cause in the County Judge's Court of DeSoto County, Florida, was attached to and made a part of the petition for

a writ of habeas corpus filed in this Court. The petition is in the name of her next friend and father, Ervin Skinner. It is contended that Sections 3684, 3685, 3686 and 3687 C. G. L. were not complied with substantially in and about the issuance of the commitment under which she was being detained, and particularly Section 3687, *supra,* in that notice was not given to the parents of the girl and that she was deprived of the opportunity of obtaining counsel to represent her in the proceeding before the County Judge's Court of DeSoto County, Florida. .

On February 24, 1938, a writ of habeas corpus issued and was served on the Superintendent of the Industrial School for Girls and an answer was filed by the Attorney General, to which was attached copies of the record of the proceedings in the County Judge's Court of DeSoto County, Florida, acting as a Juvenile Court. The said copies, affidavit of Honorable L. E. Purvis, Judge of said Court, and a transcript of the testimony taken at the hearing, places a transcript of the entire proceedings had in the lower court before this Court for a review. It does not appear that an appeal was sought or allowed by the Circuit Court of DeSoto County in behalf of the petitioner here.

It cannot be said that the affidavit and warrant drawn under Section 3684 C. G. L. fails to charge an offense as therein defined. The testimony taken before the court shows that the father and mother of Arretta Skinner appeared and gave testimony. It shows that the girl was about fifteen years of age, would not attend school, ran away from home, and was gone four weeks shortly prior to the hearing; that her parents appealed to the officers of DeSoto County to assist them in controlling her as she refused to obey her parental instructions. She admitted her intimacy with a married man, and this relation the parents desired to destroy and had her placed in jail.

There was full notice to the parents and an opportunity given to obtain counsel as shown by the record. It is clear that after her commitment there was a change in heart on the part of the parents about their child being away from home, and after their successful appeal to the Sheriff of DeSoto County, Florida, to destroy an immoral relation with a married man.

It is difficult to understand why the parents of this girl, with knowledge of her reprehensible conduct, would seek her liberty and permit her return to her vice and wayward tendencies in face of the moral and wholesome atmosphere surrounding the Industrial School for delinquent girls. The wisdom of the Legislature in establishing or making possible this school to meet the problem girls of Florida cannot be too strongly commended.

The petitioner, Arretta Skinner, is remanded to the custody of Mrs. Lola C. Skipper, as Superintendent Florida Industrial School for Girls, to be held under the commitment issued by the County Judge's Court of DeSoto County, Florida, acting as a Juvenile Court, and there continue until discharged or until a further order of a court of competent jurisdiction.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

JUSTICES BUFORD and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.